```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
ALAN CATANEO
                                              NOT FOR PUBLICATION
                    Plaintiff,
                                              **MEMORANDUM AND ORDER**
         -against-
                                                  11-CV-2671 (KAM)
CAROLYN W. COLVIN,
Acting Commissioner,
Social Security Administration

                    Defendant.
----------------------------------X
```

**MATSUMOTO, United States District Judge:**

Plaintiff Alan Cataneo ("Cataneo" or "plaintiff") brought the underlying action seeking review of the Commissioner's decision to deny plaintiff Social Security disability insurance benefits ("DIB") and supplemental security income ("SSI"). (ECF No. 1, Complaint dated 6/2/2011 ("Compl.").) On March 27, 2013, the court granted plaintiff's motion to remand the case to the Commissioner for further proceedings. (ECF No. 16, 3/27/13 Order.)

Plaintiff's counsel now seeks an award of $29,971.75 in attorney's fees, reduced by the amount of Equal Access to Justice Act ("EAJA") fees that have already been awarded ($10,230.78). (ECF No. 24, Mot. for Atty's Fees dated 1/31/14.) The Commissioner does not oppose plaintiff's motion. (ECF No.

1

28, Response to Mot. for Atty's Fees dated 2/18/14.) For the reasons stated below, the application is granted.

## BACKGROUND

### I. Plaintiff's Claim for Benefits and Procedural History

Plaintiff applied for Social Security Disability benefits on January 11, 2005. (ECF No. 25, Bowes Declaration dated 1/31/14 ("Bowes Decl.") ¶ 3.) The Social Security Administration ("SSA") denied plaintiff's claim on March 4, 2005, and after a *pro se* hearing, Administrative Law Judge Peter Crispino ("ALJ Crispino") approved the application for Supplemental Security Income ("SSI") disability benefits but denied the claim for Social Security Disability Insurance benefits ("DBI"). (*Id.* ¶¶ 4, 6.) The Appeals Council denied review and plaintiff filed a civil action challenging the denial of SSD benefits. (*Id.* ¶ 7.) The parties agreed to remand the action for additional administrative proceedings on September 25, 2008, and the parties agreed to an EAJA fee of $1,730.78 covering time expended in the 2008 civil action. (*Id.* ¶ 8.) On November 7, 2008, the Appeals Council vacated the ALJ Crispino's January 30, 2006 decision and remanded plaintiff's claim for additional administrative proceedings. (*Id.* ¶ 9.)

After a remand hearing, ALJ David Ettinger ("ALJ Ettinger") denied plaintiff's claim for disability benefits on

May 7, 2009.  (*Id*. ¶¶ 10, 11.)  The Appeals Council declined to assume jurisdiction of plaintiff's case on April 1, 2011, making ALJ Ettinger's May 7, 2009 decision the final decision of the Commissioner.  (*Id*. ¶ 13.)

On June 3, 2011, this civil action commenced.  (*Id*. ¶ 14.)  The court issued a decision dated March 17, 2013, granting, in part, plaintiff's motion for judgment on the pleadings and remanding this action for additional administrative proceedings.  (*Id*. ¶ 15.)  On remand before ALJ Moises Penalver ("ALJ Penalver"), plaintiff was found disabled and was awarded past-due disability benefits of $99,789.90.  (*Id*. ¶ 20.)  Plaintiff's wife and daughter, as his auxilliary beneficiaries, were awarded a total of $$11,558.80.  (*Id*. ¶ 23.)  The SSA withheld $29,971.25 for payment of attorney's fees.  (*Id*. ¶ 27.)

## II.  The Instant Motion

Pursuant to 42 U.S.C. § 406(b)(1), plaintiff's counsel now seeks $29,971.75 in attorney's fees for 62.2 hours of work performed representing plaintiff in his federal court and administrative court proceedings, offset by the amount of EAJA awards counsel has already received  (ECF No. 26, Mem. in Support of Atty's Fees dated 1/31/14 ("Pl.'s Mem.").)  As counsel has already received $10,230.78 in EAJA fees, counsel is seeking the court's approval of a net amount of $19,740.97 in

attorney's fees.  (*Id*. ¶ 33; Pl.'s Mem. at 5.)  Plaintiff agreed to pay 25% of his award of past-due benefits under the terms of the retainer agreement with his counsel.  (Bowes Decl., Ex. A, Retainer Agreement dated 2/15/08.)  The Commissioner does not oppose plaintiff's counsel's petition.  (ECF No. 28, Response to Mot. for Atty's Fees dated 2/18/14, at 5.)

**DISCUSSION**

The Social Security Act provides that a court may award an attorney who represents a prevailing claimant in a Social Security case "a reasonable fee. . . not in excess of 25 percent of the total of past-due benefits to which the claimant is entitled."  42 U.S.C. § 406(b)(1)(A).  In determining whether to award fees, a district court looks first to the contingent fee agreement between parties.  *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807-08 (2002).  The Second Circuit has noted that "the best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and the client, not an hourly rate determined under lodestar calculations."  *Devaux v. Astrue*, 932 F. Supp. 2d 349, 351-52 (E.D.N.Y. 2013) (quoting *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990)) (internal quotation marks omitted).  Furthermore, courts in this circuit have

4

approved contingency fee awards that significantly exceed market rates. *Id*. at 352.

If the fee agreement provides for a fee within the 25 percent cap, as it does here, "'the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.'" *Blizzard v. Astrue*, 496 F. Supp. 2d 320, 322 (quoting *Gisbrecht*, 535 U.S. at 807). In making the determination as to whether a given fee is reasonable, the court "must be mindful that 'a contingency fee is the freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate to secure effective representation, and of an attorney's willingness to take the case despite the risk of nonpayment.'" *Diz v. Astrue*, No. 08-CV-1486, 2010 WL 322028, at *2 (E.D.N.Y. Jan. 26, 2010) (quoting *Wells*, 907 F.2d at 371).

In considering whether a downward adjustment is appropriate, courts should consider whether the requested fee is 1) in line with the "'character of the representation and the results of the representation achieved;' 2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and 3) whether 'the benefits awarded are large in comparison to the amount of time counsel spent on the case,' the so-called

'windfall' factor." *Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 456 (W.D.N.Y. 2005) (citing *Gisbrecht*, 535 U.S. at 808).

None of the three factors are at issue here. As a result of the instant action, plaintiff received a substantial award of past-due benefits. There is no suggestion or indication that counsel delayed the proceedings in an attempt to increase his own fee. Moreover, the amount sought by plaintiff's counsel is one that the Commissioner does not oppose and one that is not without precedent. Plaintiff's counsel seeks $29,971.25 in fees for 62.2 hours of work performed, which, under a lodestar analysis, reflects an award of $481.85 per hour. This hourly rate is not unreasonable. *See, e.g.*, *Ellick v. Barnhart*, 445 F. Supp. 2d, 1166, 1169-71 (C.D. Cal. 2006) (collecting cases approving of fee awards involving range of net hourly rates of up to $982 per hour); *Diz*, 2010 WL 322028, at *2 (approving a contingency fee award amounting to an hourly rate of $825 per hour).

Therefore, based on its review of the record, the court finds that awarding plaintiff's counsel the requested contingency fee is reasonable given the services rendered.

## CONCLUSION

The court grants plaintiff's motion for attorney's fees under 42 U.S.C. § 406(b) and awards $19,740.97 in fees to

plaintiff's attorney, which is the net amount of attorney's fees agreed to under the Retainer Agreement, offset by $10,230.78 in EAJA fees already awarded. The Clerk of Court is respectfully requested to enter a judgment so reflecting.

**SO ORDERED**

DATED: May 23, 2014
       Brooklyn, New York

                                                                          /s/
                                        **Kiyo A. Matsumoto**
                                        United States District Judge
                                        Eastern District of New York